UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

COGENT COMPUTER SYSTEMS, INC. :
*Plaintiff* :
:
VS. : C.A. NO. CA 06 280S
:
TURBOCHEF TECHNOLOGIES, INC. :
*Defendant* :

**COMPLAINT**

**Parties and Jurisdiction**

1. Plaintiff, Cogent Computer Systems, Inc. ("Cogent" or "Plaintiff"), at all times pertinent hereto, is a corporation organized and existing under the laws of the State of Rhode Island, with its principal place of business at 10 Industrial Drive, Unit B, Smithfield, Rhode Island. Cogent is in the business of developing, designing, constructing and distributing standard and custom electronic micro computer systems, sub-assemblies and associated modules for use by its customers in their particular products.

2. Defendant, TurboChef Technologies, Inc. ("TurboChef" or "Defendant") is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 4240 International Parkway, Suite 105, Carrolton, Texas. TurboChef is in the business of developing, manufacturing and marketing high end ovens for the commercial market. Upon information and belief, at the time of the transactions at issue in this case, TurboChef was intending to develop, manufacture and market high-end ovens for the residential market.

3. Defendant, TurboChef, by virtue of its business activities within the state, has the necessary and minimum contacts with the State of Rhode Island to confer jurisdiction on this

Court pursuant to R.I. Gen. Laws § 9-5-33, as amended, and subjecting said Defendant to the personal jurisdiction of the courts of the State of Rhode Island.

4. Subject matter jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1332, as the parties are diverse and the matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars ($75,000.00).

5. Venue is proper under 28 U.S.C. § 1391, as a substantial part of the events giving rise to the claims occurred in this District.

**Facts**

6. Plaintiff Cogent is in the business of developing, designing, constructing and distributing standard and custom electronic micro computer systems, sub-assemblies and associated modules for various companies.

7. On or about January 2006 TurboChef approached Cogent in Rhode Island via a telephone call, inquiring whether Cogent could design and produce a custom single board micro computer to control a customized LCD display TurboChef planned to use for its residential oven product.

8. The parties discussed a proposed delivery schedule of 5,000 units over a twelve month period, which was subsequently modified at TurboChef's request to be extended to an eighteen month delivery period.

9. The parties entered into a Purchase Order dated January 18, 2006, whereby Turbo agreed to purchase 5000 units of the micro computer system over an eighteen month period. A true and accurate copy of the purchase order is attached hereto as *Exhibit A*.

10. The parties agreed that, based upon the total quantity ordered by TurboChef, Cogent would not charge its customary non recurring engineering fee (NRE) for its custom design and engineering work.

11. TurboChef paid an initial deposit of $ 89,500 toward the delivery of the first 500 units.

12. On or about January 19, 2006, TurboChef executed a Non-Disclosure Agreement with Cogent to protect Cogent's design and technical information with respect to the schematics for the single board micro computer to be designed and constructed for TurboChef. A true and accurate copy of the Non-Disclosure Agreement is attached hereto as *Exhibit B*.

13. The President of the Residential Division of TurboChef, Joe McGrain, visited Cogent's facilities on March 4, 2006 and authorized the purchase of CSB637 PCB's from Hallmark in Southern California to expedite the delivery of the prototype custom single board micro computer to TurboChef.

14. The parties participated in numerous telephone calls and e-mail communications regarding the development and design of the micro computer for the residential oven. As a result of these communications and various modifications to the design requirements, the original delivery date of April 1, 2006 was no longer operative between the parties, but was to be determined at a subsequent date.

15. The initial requirement of the contract between TurboChef and Cogent was the development of a prototype single board micro computer for use in the residential ovens to be unveiled at the 2006 Kitchen/Bath Industry Show in April.

16. On or about March 6, 2006, TurboChef issued a Purchase Order to Cogent for the expedited design and delivery of twenty-five (25) prototype single board micro computers. A true and accurate copy of the Purchase Order is attached hereto as *Exhibit C.*

17. Cogent timely delivered the prototype micro computers in accordance with the contract.

18. The TurboChef residential oven, incorporating the micro computer system designed and constructed by Cogent, was successfully launched and received positive reviews at the 2006 Kitchen/Bath Industry Show.

19. Thereafter, Cogent began making inquiries to TurboChef regarding final approval of the prototype micro computer so that the construction and production of the first 500 units could be scheduled for delivery.

20. At all times, Cogent remained ready, willing and able to produce and deliver the first 500 units of the single board micro computers, and all subsequent units, as set forth in the January 2006 Purchase Order.

21. TurboChef failed, refused and neglected to give final approval for the design of the single board micro computer and failed, refused and neglected to provide Cogent with a firm delivery date for the first 500 units.

22. By letter dated May 9, 2006, TurboChef unilaterally terminated the contract with Cogent. A true and accurate copy of said letter is attached hereto as *Exhibit D.*

## COUNT I
## (BREACH OF CONTRACT)

23. Plaintiff realleges and incorporates by reference Paragraphs 1 through 22 of its Complaint as if fully set forth herein.

24. Defendant TurboChef and Plaintiff Cogent entered into a contract for the design, construction and production of 5000 single board micro computer systems for use in its residential ovens.

25. Defendant TurboChef has breached the terms of its agreement by unilaterally terminating the contract.

26. Despite repeated demands, Defendant TurboChef has failed and continues to fail and refuse to comply with the terms of the contract.

27. As a direct and proximate result of Defendant's breach of contract, Plaintiff Cogent has sustained substantial monetary and other consequential damages.

**COUNT II**
**(BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING)**

28. Plaintiff realleges and incorporates by reference paragraphs 1 through 27 of its Complaint as if fully set forth herein.

29. There exists an implied covenant of good faith and fair dealing within the contract entered into between Cogent and TurboChef.

30. Defendant TurboChef has breached the implied covenant of good faith and fair dealing by failing and refusing to comply with the terms of the contract and by failing to undertake reasonable efforts to give final approval for the custom single board micro computers and to schedule delivery of the units.

31. As a direct and proximate result of Defendant's breach of its duty of good faith and fair dealing, Plaintiff Cogent has sustained substantial monetary and other consequential damages.

## COUNT III
## (UNJUST ENRICHMENT)

32. Plaintiff realleges and incorporates by reference Paragraphs 1 through 31 of its Complaint as if fully set forth herein.

33. From January 2006 and thereafter Plaintiff Cogent has performed services and incurred expenses in reasonable reliance upon representations made by the Defendant that it would purchase 5000 units of the single board micro computers.

34. These services and expenses incurred for the custom design and construction of the single board micro computers for TurboChef's residential oven inured to the benefit of the Defendant.

35. Defendant has failed, refused and neglected to pay Plaintiff Cogent for the value of technical and engineering services rendered and expenses incurred by the Plaintiff on its behalf.

36. As a direct and proximate result of Defendant's failure to pay Plaintiff Cogent for services rendered and incurred on their behalf, Plaintiff has sustained substantial monetary losses and other consequential damages.

WHEREFORE, Plaintiff prays for the following relief, jointly and severally, from the Defendants:

a. Compensatory damages;

b. Costs and attorney's fees pursuant to R.I. Gen. Laws § 9-1-45;

c. Interest; and

d. For such other relief as this Court deems meet and proper.

COGENT COMPUTER SYSTEMS, INC.

By its Attorney,

Peter P.D. Leach (#3955)
One Charles Street
Providence, RI 02904
(401) 521-9100
Fax (401) 521-9120

Dated: June 14, 2006

PLAINTIFF HEREBY CLAIMS ITS RIGHT TO A TRIAL BY JURY AND DESIGNATES PETER P.D. LEACH AS TRIAL COUNSEL.