**Bill To:**
TurboChef Technologies, Inc.
Six Concourse Parkway
Suite 1900
Atlanta GA 30328-6183

| PURCHASE ORDER | |
|---|---|
| Purchase Order No. | PO600090 |
| Date | 1/18/2006 |
| Revision Number | 1 |

**Vendor:**
Cogent Computer Systems, Inc
10 Industrial Dr., Unit B
Smithfield RI 02917

Phone: (401) 223-3441
Fax: (401) 223-3442

**Ship To:**
TurboChef Technologies, Inc.
4240 International Pkwy, Suite 105
Carrollton, TX 75007

Phone: (214) 379-6000
Fax: (214) 379-6085

^ Changed Since the Previous Revision

**** MUST BE ROHS COMPLIANT 1/6/2006 ****

| Shipping Method | Payment Terms | FOB | TurboChef Purchasing Contact | | | Page | |
|---|---|---|---|---|---|---|---|
| | | None | April | | | 1 | |
| L/N Vendor Item Number / Description | TurboChef Item | Rev Level | Req. Date | U/M | Ordered | Unit Price | Ext. Price |
| 1 CSB637-128M module | CSB637-128M | | 7/1/2007 | Each | 5,000 | $149.000 | $745,000.00 |
| 2 CSD937TC brkout | CSD937TC | | 7/1/2007 | Each | 5,000 | $30.000 | $150,000.00 |

TurboChef will pre-pay for the first 500 of each board totaling $89,500. First 500 of each board are due by April 1,2006. The remaing 4500 of each board to be delivered over a period of one year,

| | |
|---|---|
| Subtotal | $895,000.00 |
| Trade Discount | $0.00 |
| Freight | $0.00 |
| Miscellaneous | $0.00 |
| Tax | $0.00 |
| Order Total | $895,000.00 |

Authorized Signature

# NON-DISCLOSURE AGREEMENT

This agreement is made and entered into this 19th day of JAN, 2006, by and between Cogent Computer Systems, Inc. (hereafter referred to as Cogent), a Rhode Island Corporation with its place of business at 10 Industrial Road, Unit B, Smithfield, Rhode Island 02917, and TERRY GRAY of
(Name)
TURBOCHEF TECHNOLOGIES, INC. (hereafter referred to as Licensee).
(Company Name)

Cogent represents and Licensee agrees that Cogent's business depends upon Cogent's ability to license the Schematics for the CSB____ Single Board Computer (hereinafter referred to as the Cogent Design and Technical Information), and that disclosure of Cogent Design and Technical Information will give rise to irreparable injury to Cogent. Further, it is represented by Cogent and agreed to by the Licensee that said damage will be inadequately compensable in monetary damages and would seriously impair Cogent's ability to do business. Therefore, the parties agree:

1. Licensee shall not reproduce, duplicate, copy, publish or otherwise disclose, distribute or disseminate Cogent Design and Technical Information, or any other materials supplied to Licensee under this agreement except for internal use upon the Licensee's premises, or as authorized in writing by Cogent.

2. Licensee shall take due care to secure and protect the Design and Technical Information and shall make and keep a minimum number of copies of the Design and Technical Information as may be required for technical or archival reasons, and will ensure that each copy is marked with a clear and legible confidentiality notice. Licensee shall restrict access to the Design and Technical Information to it's bona-fide full-time employees, or consultants who have signed an appropriate non-disclosure agreement, and who have a bona-fide need for such access.

3. Licensee consents to an injunction or other equitable relief if sought by Cogent from a court of competent jurisdiction against the breach of any of the terms of this Agreement, in addition to any other legal remedies which may be available to Cogent.

4. The Licensee's obligations under this agreement shall survive any termination or expiration of this Agreement and shall extend until the earlier of such time as the information protected hereby is in the public domain through no fault of the Licensee or its employees, or five (5) years following the termination or expiration of this agreement.

5. This agreement shall be effective from the date stated at the beginning of the agreement until its termination in accordance with the terms of this Agreement or five (5) years from the stated date of this agreement, whichever is earlier.

6. Cogent may terminate this Agreement by giving notice to the Licensee: (i) if Licensee fails to perform or comply with this Agreement or any section thereof, or (ii) Licensee is the subject of a voluntary or involuntary petition under Bankruptcy Act. Termination for the Licensee's breach of this agreement shall be effective as of the day notice is given.

7. If Cogent is the subject of a voluntary or involuntary petition under any Bankruptcy Act, this Agreement shall survive and Licensee's rights hereunder shall continue.

8. If this agreement is terminated, Licensee shall return to Cogent, all materials and any copies thereof, furnished by Cogent to Licensee within ten (10) days following the termination date. At the termination of this Agreement, Licensee will be deemed to have conveyed back to Cogent all rights in and to the Design and Technical Information. Termination under this provision shall not relieve Licensee of the obligations it has under this Agreement. From and after the termination Licensee will not use internally or employ the Design and Technical Information, and any related materials delivered by Cogent to Licensee as part of any product which Licensee may distribute, except as authorized in writing by Cogent.

9. Subject to the limitations herein before expressed, this Agreement will inure to the benefit of and shall be binding upon the parties, their successors, administrators, heirs and assigns.

**IN WITNESS WHEREOF,** the undersigned, having full power and authority to execute this document on behalf of themselves and their principal, if acting in a fiduciary or corporate capacity, have hereunto set their hands and seals. Said execution and delivery of this document, shall be prima facie evidence that the parties involved were duly authorized, empowered and directed by their Principals to take such action, and that such instrument, documents, or action is valid, binding, effective and legally enforceable. All signed copies of this Agreement shall be deemed originals.

| For Cogent: | For Licensee: |
|---|---|
| Name: ____________ | Name: Terry Grey |
| Title: ____________ | Title: Director of Controls Engineering |
| Date: ____________ | Date: 19-JAN-06 |

**Bill To:**
**TurboChef Technologies, Inc.**
**Six Concourse Parkway**
**Suite 1900**
**Atlanta GA 30328-6183**

| PURCHASE ORDER | |
|---|---|
| Purchase Order No. | PO600404 |
| Date | 3/6/2006 |
| | |

**Vendor:**

Cogent Computer Systems, Inc
10 Industrial Dr., Unit B
Smithfield RI 02917

Phone: (401) 223-3441
Fax: (401) 223-3442

**Ship To:**

**TurboChef Technologies, Inc.**
**4240 International Pkwy, Suite 105**
**Carrollton, TX 75007**

Phone: (214) 379-6000
Fax: (214) 379-6085

* Changed Since the Previous Revision

**** MUST BE ROHS COMPLIANT 1/6/2006 ****

| Shipping Method | Payment Terms | FOB | TurboChef Purchasing Contact | Page |
|---|---|---|---|---|
| | | None | Sam | 1 |

| L/N | Vendor Item Number / Description | TurboChef Item | Rev Level | Req. Date | U/M | Ordered | Unit Price | Ext. Price |
|---|---|---|---|---|---|---|---|---|
| 1 | RWD BOARD<br>Expedite fee for residential board inclu | RWD BOARD | | 3/17/2006 | Each | 25 | $379.000 | $9,475.00 |

| | |
|---|---|
| Subtotal | $9,475.00 |
| Trade Discount | $0.00 |
| Freight | $0.00 |
| Miscellaneous | $0.00 |
| Tax | $0.00 |
| Order Total | $9,475.00 |

Authorized Signature

TURBOCHEF

Advance Copy via Facsimile

May 9, 2006

Michael Kelly
Cogent Computer Systems, Inc.
10 Industrial Dr., Unit B
Smithfield, RI 02917

Re: Purchase Order No. PO600090

Dear Mr. Kelly:

We issued the above-referenced purchase order to Cogent Computer Systems on or about January 18, 2006. The goods we were seeking to purchase are crucial components of our newest product to be delivered for retail sale later this year, and our inability to acquire these parts in a timely manner and in accordance with our negotiated agreement likely will cause this company significant harm.

Our purchase order specified that we were expected to pre-pay for the first 500 of each of the two vendor items from Cogent (5,000 each of specified control boards) and that they were due for delivery on April 1, 2006. TurboChef paid the $89,500 pre-payment amount, and Cogent accepted the funds and commenced performance under the purchase agreement. Cogent did not deliver the first 500 pieces of each item, and contrary to the agreed terms it has expressed that TurboChef must pay an additional 10% of the aggregate purchase price for Cogent to move forward.

TurboChef does not accept delays in delivery of the goods or having to pay additional amounts up front for Cogent's performance, TurboChef believes Cogent has failed to make progress so as to endanger performance under the purchase order, and, in our opinion, Cogent has developed such financial condition so as to endanger performance. TurboChef hereby claims that Cogent has breached the purchase agreement reflected in the purchase order. Under the terms of that agreement (including paragraphs 6, 8 and 14 of the terms and conditions) we hereby notify Cogent that we are rescinding and terminating the purchase order, and we demand repayment of the amount delivered in pre-payment. We regret that we have to take these steps, but we have concluded that this is the appropriate course of action for us under these circumstances.

[signature] [signature]

*Corporate Headquarters*
Six Concourse Parkway
Suite 1900
Atlanta, Georgia 30328 USA
+1 678.987.1700 PHONE
+1 678.987.1750 FAX

*Sales & Marketing*
866.90TURBO

*Global Operations*
4240 International Parkway
Suite 105
Carrollton, Texas 75007 USA
+1 214.379.6000 PHONE
+1 214.379.6073 FAX

turbochef.com

*New York*
655 Madison Avenue
New York, New York 10021 USA
+1 646.358.1700 PHONE
+1 646.358.1779 FAX

*Customer Service*
800.90TURBO