UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| COGENT COMPUTER SYSTEMS, INC. | : | |
| *Plaintiff* | : | |
| | : | |
| VS. | : | C.A. NO. 06-280 S |
| | : | |
| TURBOCHEF TECHNOLOGIES, INC. | : | |
| *Defendant* | : | |

**AFFIDAVIT OF MICHAEL J. KELLY**

I, Michael J. Kelly, under oath do hereby state and depose as follows:

1. I am an owner and Vice President of Engineering for Cogent Computer Systems, Inc. Cogent is in the business of developing, designing, constructing and distributing standard and custom electronic micro computer systems, subassemblies and associated modules for use by its customers in their particular products. The statements set forth herein are based upon my personal knowledge and the documents and communications maintained in the regular course of Cogent's business.

2. On or about January 10, 2006, Terry Gray of TurboChef telephoned me in Rhode Island, inquiring whether Cogent could design and produce a custom single board micro computer to control a customized LCD display TurboChef planned to use for its residential oven product.

3. Over the course of the next few days Terry Gray and I negotiated the delivery and price terms for the micro computers. The parties discussed a proposed delivery schedule of 5,000 units over a twelve month period extending from the initial delivery date.

4. By e-mail communication on January 17, 2006, I transmitted to Terry Gray an offer for Cogent to construct the micro computers for TurboChef, with an initial lot of 500 units at $149 per unit. A true and accurate copy of this e-mail is attached hereto as *Exhibit 1*.

5. On January 18, 2006, I received a phone call from Terry Gray orally accepting Cogent's offer and confirming that the Purchase Order and check would be sent immediately.

6. TurboChef sent a Purchase Order, signed by an authorized representative to Cogent dated January 18, 2006, whereby TurboChef agreed to purchase 5000 units of the micro computer system. A true and accurate copy of the purchase order is attached hereto as *Exhibit 2*.

7. At no point was I informed that an additional signature was required from TurboChef in order to proceed with the contract. In fact, Terry Gray copied me on various internal e-mail communications within TurboChef on January 24, 2006 and January 25, 2006 indicating that the initial check would be sent once the delivery schedule was confirmed. A true and accurate copy of these e-mail communications is attached hereto as *Exhibit 3*.

8. As is apparent from the face of the check for the deposit of $ 89,500 toward the delivery of the first 500 units, the check was cut, approved and sent by Federal Express that same day, January 25, 2006. A true and accurate copy of said check is attached hereto as *Exhibit 4*. The check was received by Cogent the following day, January 26, 2006.

9. Also, on or about January 19, 2006, TurboChef executed a Non-Disclosure Agreement with Cogent to protect Cogent's design and technical information with respect to the schematics for the single board micro computer to be designed and constructed for TurboChef. A true and accurate copy of the Non-Disclosure Agreement is attached hereto as *Exhibit 5*.

10. I never received a subsequent purchase order from TurboChef on or about January 25 or 26, 2006 reflecting any additional terms and conditions as stated by TurboChef. Moreover, additional terms and conditions pertaining to an arbitration agreement, choice of law or forum selection provision were never discussed or negotiated with TurboChef. In particular, Cogent never received the document attached as Exhibit 2 to the Declaration of April McLain.

11. During the time frame from January 20, 2006 to February 2, 2006, Cogent experienced various malfunctions with its stand alone fax machine. Consequently, it is possible that TurboChef may have sent documents to Cogent during this time period which were not actually received by Cogent. On or about February 3, 2006, Cogent replaced its fax machine with one connected to its computer system.

12. During this time period to the present, it has been Cogent's custom and practice to print and retain copies of all faxes received in a customer's file. It is not Cogent's practice to print and retain the fax cover sheets, although since February 2006, some cover sheets may have been retained in electronic form.

13. Cogent never accepted the additional terms and conditions set forth in Exhibit 2 to the Declaration of April McLain as part of the contract with TurboChef.

14. None of the subsequent Purchase Orders received from TurboChef for component parts, other shipments, or modifications to the contract contained these additional terms and conditions, nor did they indicate on their face that additional terms and conditions formed a part of the contract. True and accurate copies of purchase orders dated February 23, March 6, 2006 and May 2, 2006 are attached hereto as *Exhibit 6*.

15. Cogent was not aware of these purported additional terms and conditions until it received TurboChef's letter of May 9, 2006 attempting to terminate the contract, which referred to paragraphs 6, 8 and 14 of the additional terms and conditions.

Further affiant sayeth not.

Michael J. Kelly

State of Rhode Island
County of Providence

In in said County on the day of August, 2006 before me personally appeared Michael J. Kelly, each and all to me known, and known by me to be the party executing the foregoing instrument and he acknowledged said instrument, by him executed to be his free act and deed.

Notary Public
My Commission Expires: 7/22/2009

**CERTIFICATION**

I hereby certify that on this 25th day of August 2006, I did send a true copy of the within document by regular mail to:

David A. Wollin
ADLER POLLOCK & SHEEHAN, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
dwolin@apslaw.com