# EXHIBIT 5

ATTN: Michael Kelly

Company: Cogent

# Pages 3

FROM: TERRY GRAY
Turbochef Tech, Inc.

**NON-DISCLOSURE AGREEMENT**

This agreement is made and entered into this 19th day of JAN, 2006, by and between Cogent Computer Systems, Inc. (hereafter referred to as Cogent), a Rhode Island Corporation with its place of business at 10 Industrial Road, Unit B, Smithfield, Rhode Island 02917, and TERRY GRAY of
(Name)
TURBOCHEF TECHNOLOGIES, INC. (hereafter referred to as Licensee).
(Company Name)

Cogent represents and Licensee agrees that Cogent's business depends upon Cogent's ability to license the Schematics for the CSB____ Single Board Computer (hereinafter referred to as the Cogent Design and Technical Information), and that disclosure of Cogent Design and Technical Information will give rise to irreparable injury to Cogent. Further, it is represented by Cogent and agreed to by the Licensee that said damage will be inadequately compensable in monetary damages and would seriously impair Cogent's ability to do business. Therefore, the parties agree:

1. Licensee shall not reproduce, duplicate, copy, publish or otherwise disclose, distribute or disseminate Cogent Design and Technical Information, or any other materials supplied to Licensee under this agreement except for internal use upon the Licensee's premises, or as authorized in writing by Cogent.

2. Licensee shall take due care to secure and protect the Design and Technical Information and shall make and keep a minimum number of copies of the Design and Technical Information as may be required for technical or archival reasons, and will ensure that each copy is marked with a clear and legible confidentiality notice. Licensee shall restrict access to the Design and Technical Information to it's bona-fide full-time employees, or consultants who have signed an appropriate non-disclosure agreement, and who have a bona-fide need for such access.

3. Licensee consents to an injunction or other equitable relief if sought by Cogent from a court of competent jurisdiction against the breach of any of the terms of this Agreement, in addition to any other legal remedies which may be available to Cogent.

4. The Licensee's obligations under this agreement shall survive any termination or expiration of this Agreement and shall extend until the earlier of such time as the information protected hereby is in the public domain through no fault of the Licensee or its employees, or five (5) years following the termination or expiration of this agreement.

5. This agreement shall be effective from the date stated at the beginning of the agreement until its termination in accordance with the terms of this Agreement or five (5) years from the stated date of this agreement, whichever is earlier.

6. Cogent may terminate this Agreement by giving notice to the Licensee: (i) if Licensee fails to perform or comply with this Agreement or any section thereof, or (ii) Licensee is the subject of a voluntary or involuntary petition under Bankruptcy Act. Termination for the Licensee's breach of this agreement shall be effective as of the day notice is given.

7. If Cogent is the subject of a voluntary or involuntary petition under any Bankruptcy Act, this Agreement shall survive and Licensee's rights hereunder shall continue.

8. If this agreement is terminated, Licensee shall return to Cogent, all materials and any copies thereof, furnished by Cogent to Licensee within ten (10) days following the termination date. At the termination of this Agreement, Licensee will be deemed to have conveyed back to Cogent all rights in and to the Design and Technical Information. Termination under this provision shall not relieve Licensee of the obligations it has under this Agreement. From and after the termination Licensee will not use internally or employ the Design and Technical Information, and any related materials delivered by Cogent to Licensee as part of any product which Licensee may distribute, except as authorized in writing by Cogent.

9. Subject to the limitations herein before expressed, this Agreement will inure to the benefit of and shall be binding upon the parties, their successors, administrators, heirs and assigns.

**IN WITNESS WHEREOF,** the undersigned, having full power and authority to execute this document on behalf of themselves and their principal, if acting in a fiduciary or corporate capacity, have hereunto set their hands and seals. Said execution and delivery of this document, shall be prima facie evidence that the parties involved were duly authorized, empowered and directed by their Principals to take such action, and that such instrument, documents, or action is valid, binding, effective and legally enforceable. All signed copies of this Agreement shall be deemed originals.

| For Cogent: | For Licensee: |
|---|---|
| Name: ______________ | Name: Terry Grey |
| Title: ______________ | Title: Director of Controls Engineering |
| Date: ______________ | Date: 19-JAN-06 |