# EXHIBIT 1

**Bill To:**
TurboChef Technologies, Inc.
Six Concourse Parkway
Suite 1900
Atlanta GA 30328-6183

| PURCHASE ORDER | |
|---|---|
| Purchase Order No. | PO600090 |
| Date | 1/18/2006 |
| Revision Number | |

**Vendor:**
Cogent Computer Systems, Inc
10 Industrial Dr., Unit B
Smithfield RI 02917

Phone: (401) 223-3441
Fax: (401) 223-3442

**Ship To:**
TurboChef Technologies, Inc.
4240 International Pkwy, Suite 105
Carrollton, TX 75007

Phone: (214) 379-6000
Fax: (214) 379-6085

^ Changed Since the Previous Revision

**** MUST BE ROHS COMPLIANT 1/6/2006 ****

| Shipping Method | Payment Terms | FOB | TurboChef Purchasing Contact | Page |
|---|---|---|---|---|
| | | None | April | 1 |

| L/N | Vendor Item Number / Description | TurboChef Item | Rev Level | Req. Date | U/M | Ordered | Unit Price | Ext. Price |
|---|---|---|---|---|---|---|---|---|
| 1 | CSB637-128M module | CSB637-128M | | 7/1/2007 | Each | 5,000 | $149.000 | $745,000.00 |
| 2 | CSD937TC brkout | CSD937TC | | 7/1/2007 | Each | 5,000 | $30.000 | $150,000.00 |

**This Purchase Order is not effective until signed by an authorized representative of TurboChef Technologies, Inc. This Purchase Order is subject to additional terms and conditions (often presented on the reverse side) and will not constitute an offer to buy in the absence of such terms and conditions.**

^TurboChef will pre-pay for the first 500 of each board totaling $89,500. First 500 of each board are due by April 1,2006. The remaing 4500 of each board to be delivered over a period of one year.

| | |
|---|---|
| Subtotal | $895,000.00 |
| Trade Discount | $0.00 |
| Freight | $0.00 |
| Miscellaneous | $0.00 |
| Tax | $0.00 |
| Order Total | $895,000.00 |

M. J. Abbott 1/1/06

Authorized Signature

# ADDITIONAL TERMS AND CONDITIONS

**(Reverse Side of Purchase Order)**

This purchase order ("Order") shall be subject to the following terms and conditions ("Buyer" is TurboChef Technologies, Inc.; "Vendor" and "Goods and services" each are as identified on the face of this Order):

1. **Acceptance and Agreement.** Acceptance of Buyer's offer to purchase the Goods and services hereunder is hereby expressly limited to Vendor's agreement to the terms and conditions contained herein and on the face of this Order. If Vendor's quotation, acknowledgment, confirmation, invoice or other form states terms additional to or different from those set forth herein, then those terms are deemed to materially alter Buyer's offer and this writing shall be deemed objection to and rejection of such additional and/or different terms. No modification or waiver of these terms and conditions shall be effective unless in writing and signed by a Vice President or above (or equivalent) of Buyer. Any of the following acts shall constitute an acceptance of Buyer's offer to purchase the Goods or services on the terms and conditions contained herein and on the face of this Order: (a) the return of an acknowledgment copy of this Order executed by Vendor; (b) Vendor's delivery to Buyer of a sales acknowledgment or other writing referencing or acknowledging receipt of the Order or agreeing to the description of the Goods and services and the price, quantity terms and delivery schedule appearing on the face of this Order; or (c) Vendor's commencement of performance of services or shipment of the Goods. If this Order shall be deemed an acceptance of a prior offer by Vendor, such acceptance is limited to the express terms contained herein and on the face of this Order. Additional or different terms or any attempt by Vendor to vary in any degree any of the terms of this Order shall be deemed material and are objected to and rejected, but this Order shall not operate as a rejection of the Vendor's offer unless it contains variances in the terms of the description, quantity, price or delivery schedule of the Goods.

2. **Pricing, Invoices and Payments.** Vendor agrees that the price set forth on the face of this Order is the lowest price offered for the same or like goods for similar or smaller quantities, and except as provided otherwise in these terms such price is the highest price that Buyer will pay. Buyer will be given the benefit of any price reductions prior to shipment that are accorded to the same class of trade. The price set forth on the face of this Order may not be increased without Buyer's written consent. If no fixed price is specified, then Vendor may not fill this Order at a price higher than Buyer was last quoted in writing or charged without Buyer's written consent, and Buyer reserves the right to reject price increases by cancelling the remainder of the Order. If the price on the face of this Order is incorrect, then Vendor must immediately notify Buyer before processing this Order. If Vendor processes any part of this Order or delivers any of the Goods, then Vendor waives any right to claim a price different from the price set forth on the face of this Order. Unless specified on the face hereof, all charges for packing, storage, transportation to point of delivery, and all taxes imposed upon or in connection with this sale are included in the purchase price shown on the face of this Order. Vendor agrees to use any tax exemption certificates supplied by Buyer and to make any appropriate application for refund if any exempt tax has been paid. Upon refund, the contract price shall be appropriately adjusted or as applicable the refund shall be paid to Buyer.

Amounts due Vendor hereunder shall become payable upon Vendor's submission of a proper invoice to Buyer with respect to Goods and services delivered and accepted by Buyer hereunder. Vendor shall render an invoice or shipping notice electronically via email or other electronic means and do so within at least 24 hours after shipment if requested by Buyer. Buyer's Order number, part number and package number shall appear on the invoice and bill of lading. The bill of lading or express receipts must accompany the invoice.

Payment terms are net 45 days unless otherwise specified on the face of this Order.

3. **Packing, Amounts and Changes.** The Goods shall be suitably packed and marked so as to comply with the shipping instructions found on the face of this Order, or if no instructions are given, to secure the lowest transportation cost and to comply with the requirements of the common carrier to be used. Each package must contain the following: Buyers Order number, Buyer's part number, item, quantity, and weight. At any time prior to shipment, Buyer may, by written notice to Vendor (and without notice to Vendor's sureties or assigneds), make changes in the scope of this Order relating to specifications or descriptions, types, quantities, testing, place of delivery, method of shipping or packing and Buyer's delivery schedule. If a change causes an increase or decrease in either cost or time required for performance, an equitable adjustment shall be made to the price, delivery schedule or both, and the parties shall modify this Order in writing accordingly, provided that Vendor has made written claim for such adjustment within thirty (30) days of receipt of Buyer's notice of change. Nothing herein shall excuse Vendor from proceeding with performance of this Order as changed. Buyer's records will be accepted as final and conclusive with respect to all shipments which are not accompanied by invoices or shipping documents indicating quantities shipped. Shipments must be made in the quantities specified on the face of this Order or as otherwise changed in writing by Buyer, and any over- or undershipments may be rejected by Buyer in its sole discretion.

4. **Risk of Loss and Place of Delivery.** Vendor shall bear the risk of loss until receipt by Buyer of conforming goods, properly packed, at the delivery point specified by Buyer. If not otherwise stated on the front of this Order, the place for delivery of the Goods shall be Buyer's place of business as indicated on the front hereof.

5. **Inspections and Rejections.** Buyer shall have the right to inspect and test all Goods for quality, quantity, conformance and otherwise, and such dealing with the Goods shall not be deemed acceptance thereof. Buyer also reserves the right to inspect and test by its own inspectors all raw materials, work in process, completed materials, jigs, fixtures, etc., at Vendor's plant. Vendor shall provide necessary facilities therefor at its expense. Vendor shall keep all records of such inspections for three years after completion of this contract. If any Goods delivered are found within a reasonable time not to be in strict conformance with the requirements of this Order in Buyer's judgment, then Buyer, notwithstanding payment or any prior inspection or test, may reject such Goods or revoke this entire Order, require replacement or correction, and cancel any unshipped portion of this Order, at Vendor's expense, including transportation. In the event Buyer receives Goods whose defects or non-conformity is not apparent on examination, Buyer reserves the right to require replacement (or full refund), as well as payment of damages. Buyer may hold any Goods rejected, pending instructions from Vendor, at Vendor's risk, or Buyer may return the Goods to Vendor at Vendor's expense. Any complaint, claim, notice of any defect or notice of breach, whether with respect to quality, quantity, or any other defect or breach, shall be considered to be timely if it is made by Buyer within thirty (30) days after Buyer discovers or learns of the existence thereof.

6. **Deliveries.** The terms of delivery are as stated on the front of this Order. Time of delivery is of the essence of this Order. Acceptance by Buyer of a late delivery of either the whole or part of the Goods under this Order shall not constitute a waiver of Buyer's claim for any damages resulting from the late delivery. Moreover, in the event (i) that any of the Goods do not comply with this Order or (ii) of non-delivery or delivery on a date unreasonably later than the date specified herein or (iii) of any other breach by Vendor, Buyer may, in addition to any other rights and remedies available to Buyer, (A) rescind this Order in whole or in part, (B) refuse to accept delivery of all or any part of the Goods and/or (C) return all or any part of the Goods at Vendor's expense, including, but not limited to, freight charges. If due to delivery delays Buyer finds it necessary to call upon Vendor for premium transportation, the responsibility for the price differential between the specified transportation and the premium transportation shall be paid by Vendor. Goods which are delivered in advance of schedule are delivered at the risk of Vendor and may, at Buyer's option, be returned at Vendor's expense for proper delivery and/or have payment therefor withheld by Buyer until the date that the Goods are actually scheduled for delivery.

7. **Vendor's Warranties.** In addition to any standard warranties given by Vendor and any other express or implied warranties given by Vendor in connection with the sale of the Goods, Vendor represents, warrants and guarantees as follows: (a) the performance of services and Goods will conform to the specifications, drawings, samples or other description specified by Buyer or, if none are so specified, to Vendor's standard specifications for such goods, will be new and of merchantable quality and, unless specified to the contrary on the face hereof, will be free from defects in material and workmanship, including latent and patent defects, and will be free of all liens and encumbrances and will conform to any affirmation on their container or label; (b) the Goods are fit for their particular purpose if Vendor knows or should know the purpose for which Buyer intends to use them; (c) the Goods and the production and sale thereof, as well as the use or resale thereof, do not and will not infringe any patent right, trade name, trademark, copyright, patent design, right of privacy, or any other right arising out of or relating to the Goods or constitute the unlawful appropriation of a trade secret; (d) Vendor has good and marketable title to the Goods and the transfer hereof is rightful; (e) Vendor will repair or replace, in its sole discretion and at its expense, any defective Good within one year from the date of installation of Seller's finished product that incorporates the Good as a part or component thereof; and (f) Vendor's performance and the Goods will comply with all applicable federal, state and local laws, regulations, orders and standards, including but not limited to the Fair Labor Standards Act, the Equal Opportunity Act, OSHA, MSHA and the Civil Rights Act of 1964. All warranties shall survive inspection, testing, acceptance and payment and shall run to Buyer, its successors and users. In case any such item shall be defective or otherwise not in conformity herewith, Vendor shall at Buyer's option and in addition to all other remedies of Buyer, either credit Buyer for any such nonconformity or defects, or at Vendor's expense replace, repair or correct any such item. Vendor agrees to make all corrections to the satisfaction of Buyer. Any Goods that replace defective Goods pursuant to this agreement shall be subject to the balance of the warranty provided herein.

8. **Vendor's Breach.** If Vendor breaches this contract or any portion thereof, or if Vendor has manifested an intention not to perform in accordance with the provisions hereof, Buyer may, by written notice, terminate the contract without further liability to Vendor. This right is in addition to any remedy Buyer has under applicable law, including, without limitation, all rights of an aggrieved buyer under the Georgia Uniform Commercial Codes, and as provided elsewhere herein. In such case, Vendor shall remain liable to Buyer for damages sustained by Buyer, including, but not limited to, any difference between the contract price of the Goods and the price paid by Buyer to replace them. Each of the rights and remedies reserved by Buyer in this Order shall be cumulative and additional to any other or further remedies provided in law or equity.

9. **Vendor's Indemnification.** Vendor agrees to defend, indemnify and hold harmless Buyer, and its successors, from and against any and all costs, suits, claims, losses, damages and expense (including attorney fees incurred in investigating and defending same) whether arising out of breach of any Vendor's warranties, breach of contract, tort (negligence), allegedly defective material, or out of any act or omission of Vendor, its employees, agents or subcontractors. Vendor agrees that it has and will keep in force adequate workers compensation, public liability and property damage insurance coverage to protect Buyer against such costs, suits, claims, losses, damages and expenses (including attorney fees). Vendor agrees to furnish certificates evidencing that coverage to Buyer if so requested.

10. **Confidential Information.** All specifications, documents, drawings and any other information provided by Buyer to Vendor, including this Order, whether verbally, in writing or contained in any other media, are the property of Buyer. They are delivered solely for the purpose of Vendor's performance under this Order and on the express condition that neither they nor the information contained thereon or therein shall be disclosed to others nor used for any other purpose without the prior express written consent of Buyer. Such materials are to be returned to Buyer promptly upon its written request. Such request may be made at any time during or after completion of Vendor's performance. The obligations under this clause will survive the cancellation, termination, or completion of this Order. Unless otherwise agreed in writing, no commercial or technical information disclosed in any manner or at any time by Vendor to Buyer shall be deemed secret or confidential, and Vendor shall have no rights against Buyer with respect thereto except such rights as may exist under any applicable patent and trade secret laws.

11. **Patents.** Vendor agrees upon receipt of notification to promptly assume full responsibility for the defense of any suit or proceeding which may be brought against Buyer or its agents for alleged patent infringement, as well as for the alleged unfair competition resulting from similarity in design, trademark or appearance of goods by reason of the use or sale of any Goods furnished under this Order except for Goods manufactured entirely to Buyer's specifications, and Vendor further agrees to indemnify Buyer against any and all expenses, losses, royalties, profits and damages, including court costs and attorney's fees resulting from the bringing of such suit or proceedings, including any settlement or decree or judgment entered therein. Buyer may be represented by and actively participate through its own counsel in any such suit or proceedings if it so desires. The obligations under this clause will survive the cancellation, termination, or completion of this Order.

12. **Buyer-Owned Property.** All materials, tools, jigs, fixtures, specifications, methods, processes, data, designs, drawings, and other property, owned or paid for by Buyer, in Vendor's possession or under Vendor's control shall be and remain the property of Buyer subject to removal at any time. All such property shall be identified and marked by Vendor as Buyer's property, used only for Buyer's contract and covered by adequate liability, damage and fire insurance (including extended coverage) for the fair and reasonable value. Vendor shall assume full liability for and maintain and repair the same and return the same to Buyer in good condition, reasonable wear and tear excepted. Vendor shall provide Buyer with an inventory thereof as Buyer may request and certify to Buyer that all use thereof is expended on Buyer's order or orders. Buyer shall own all intellectual property rights created or developed by Vendor at Buyer's expense and all intellectual property rights in any improvement, modification or derivation created or developed by Vendor of intellectual property existing or created or developed by or for Buyer and owned by Buyer.

13. **Entire Agreement.** Except when issued to carry out another written contract between the parties, the terms and conditions set forth in this Order and any document identified hereon to be incorporated herein constitute the entire agreement between the parties regarding the subject matter hereof and no oral conversations or ancillary documents become a part of said agreement. Wherever possible, each of the terms and conditions of this Order is to be interpreted in such manner as to be effective and valid under applicable law, but if such term or condition is prohibited or invalid under such law, then such term and condition is to be ineffective only to the extent of such prohibition and invalidity, without invalidating the remainder of such term or condition or the remaining terms and conditions of the Order.

14. **Termination.** By written notice to Vendor, Buyer may terminate this Order in whole or in part if (a) Vendor fails to perform strictly in accordance with the required delivery schedule, (b) Vendor fails to make progress so as to endanger performance of this Order, (c) Vendor fails to strictly comply with any of the other provisions of this Order, or (d) Vendor, in Buyer's opinion, becomes insolvent or develops such financial condition so as to endanger performance, including voluntary or involuntary proceedings in bankruptcy or reorganization, or an assignment for the benefit of creditors. Upon Vendor's receipt of such notice from Buyer, all obligations of Buyer with respect to any portion of the Order terminated shall cease.

Vendor shall be liable to Buyer for all costs, expenses and damages incurred by Buyer on account of termination. Should Buyer's termination prove to be wrongful, Vendor's sole and exclusive remedy shall be to treat the termination as having been made for convenience as provided below.

Upon written notice to Vendor, Buyer may at its convenience and at its sole discretion, terminate this Order in whole or in part. Upon receipt of such notice, Vendor shall immediately stop work on this Order or the terminated portions thereof, as the case may be, and notify all subcontractors and suppliers to do likewise. Thereafter, Buyer will pay the purchase price for Goods delivered before termination and Vendor's reasonable costs properly allocable to the termination, together with reasonable profit on the part of the work performed (not to exceed in the aggregate a proportional amount of the purchase price allocable to the percentage of performance completed prior to termination).

15. **Excuse.** Buyer's obligations hereunder are subject to delay, modification, rescission and/or cancellation by Buyer in the event of any cause beyond Buyer's control, including, but not limited to, fires, floods, strikes or other labor disputes, accidents to machinery, acts of sabotage, riots, shortages of material, delay in transportation or lack of reasonably available transportation facilities or restrictions imposed by federal, state, local or other governmental authority.

16. **Arbitration.** Any controversy arising out of or relating to this Order, including any modification or amendment thereof, shall, at Buyer's option be resolved by arbitration in Atlanta, Georgia, pursuant to the Rules then obtaining of the American Arbitration Association. The parties agree that the arbitrators sitting in any such controversy shall have no power to alter or modify any express provision of this Order, or to make any award which by its terms effects such alteration or modification. The parties consent to the application of the Georgia or Federal Arbitration Statutes and to the jurisdiction of the Courts of the United States District Court of the Northern District of Georgia, for all purposes in connection with said arbitration and further consent that any notice, process or notice of motion or other application to either of said Courts or Judges thereof, or of any notice in connection with any arbitration or arbitration award hereunder, may be served in or out of the State or Northern District of Georgia by certified or registered mail, return receipt requested, or by personal service, provided a reasonable time for appearance is allowed, or in such other manner as may be permitted under the Rules of the American Arbitration Association or of said Courts. Judgment upon the award rendered may be entered by any Court having jurisdiction. Any provisional remedy (including, without limitation, injunctive or other equitable relief) which, but for this provision to arbitrate disputes, would be available at law, shall be available to the parties hereto pending arbitration.

17. **Successors and Assigns.** No right, title or interest under this Order is assignable by Vendor, and no part of Vendor's performance hereunder may be subcontracted, without the specific written consent of Buyer, and no attempted assignment by Vendor shall be of any force or effect without such written consent. All of Vendor's representations, warranties, guarantees and covenants shall be binding upon the successors and assigns of Vendor and shall inure the benefit of Buyer, its successors, assigns and customers and to the benefit of the users of Buyer's products.

18. **Survival of Representations.** All representations, warranties and guarantees of Vendor hereunder shall survive the delivery of the Goods to Buyer and the payment of the purchase price thereof by Buyer.

19. **Captions.** The captions in this Order are for convenience only and shall not limit or otherwise affect any of the terms or conditions of this Order.

20. **Waiver.** Any waiver by Buyer of any default or other breach of this Order shall not constitute a waiver of any subsequent default or other breach.

21. **Governing Law.** This Order and the construction of the provisions hereof shall be construed and interpreted in accordance with the laws of the State of Georgia, including the Georgia Uniform Commercial Code as in effect on the date hereof; *provided, however,* that Buyer shall be entitled to the benefits of any revisions in the Georgia Uniform Commercial Code thereafter which increase the rights of buyers of goods.

22. **Notices.** All notices required to be given under this contract may be given either orally or by mail to the respective parties at the addresses shown on the face of this Order. In the event oral notice is given, the party to whom notice is given may request that it be provided written confirmation of said oral notice. In this event, the party giving said notice shall comply with said request and promptly deliver said written notice.

23. **Limitation of Buyer's Liability; Statute of Limitations.** Except as provided in clause 14, above, in no event shall Buyer be liable to Vendor for anticipated profits or for incidental or consequential damages. Buyer's liability or any claim of any kind for any loss or damage arising out of or connected with or resulting from this agreement or from the performance or breach thereof shall, in no case exceed the price applicable to the Goods or services or unit thereof which gives rise to said claim. Buyer shall not be liable for penalties of any description. Any action resulting from any breach on the part of the Buyer as to the goods or services delivered and/or due hereunder must be commenced within one year after the cause of action has accrued.