UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| COGENT COMPUTER SYSTEMS, INC., Plaintiff, | |
| v. | C.A. No. 06-280S |
| TURBOCHEF TECHNOLOGIES, INC., Defendant. | |

**DECISION AND ORDER**

WILLIAM E. SMITH, United States District Judge.

The Court, having reviewed the Report and Recommendation of the Honorable David L. Martin, United States Magistrate Judge, and the remaining record, will add the following remarks to clarify its opinion on what Defendant argues is the "fundamental error" made by the Magistrate Judge; to wit, Defendant argues that the Magistrate Judge, in deciding whether Defendant met its initial burden of production under the standard applicable to summary judgment motions, should have viewed the evidence in the light most favorable to Defendant. This would not have been correct.

The standard for satisfying the initial burden of production is the same as for the final disposition of the motion; that is, under the summary judgment standard, the Court must view all reasonable inferences drawn from the facts in the light most favorable to the nonmoving party, which in this case is Plaintiff. See, e.g., Morris v. Gov't Dev. Bank, 27 F.3d 746, 748 (1st Cir.

1994); LaFond v. Gen. Physics Servs. Corp., 50 F.3d 165, 171 (2d Cir. 1995); FDIC v. McCrary, 977 F.2d 192, 194 (5th Cir. 1992); United States v. Gilbert, 920 F.2d 878, 882 (11th Cir. 1991); High Tech Gays v. Defense Indus. Sec. Clearance Office, 895 F.2d 563, 574 (9th Cir. 1990).

Defendant's reliance on Mandel v. The Boston Phoenix, Inc., 456 F.3d 198 (1st Cir. 2006) is misplaced. Mandel holds that appellate review of an order granting summary judgment "engenders consideration of the record as then constituted 'and all reasonable inferences therefrom in the light most hospitable to the summary judgment loser.'" Id. at 204-05 (citation omitted). In other words, in the context of Mandel, the summary judgment "loser" was the nonmovant, which would have been credited with all factual inferences in the district court. Here, the situation is reversed. The Report and Recommendation would deny Defendant's motion for summary judgment (actually a motion to dismiss or stay). The "loser," Defendant, is the movant, and would not be credited with all factual inferences in the district court.

Therefore, the Court does hereby find and order:

(1) The Court adopts the Report and Recommendation;

(2) Defendant's Motion to Dismiss or, Alternatively, to Stay and Compel Arbitration, is DENIED.

IT IS SO ORDERED.

WESmith

William E. Smith
United States District Judge
Date: 1/18/08