UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| COGENT COMPUTER SYSTEMS, INC. | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 06-280 S |
| | : | |
| TURBOCHEF TECHNOLOGIES, INC. | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT TURBOCHEF TECHNOLOGIES, INC.'S MOTION TO STAY PENDING OUTCOME OF ITS APPEAL**

Defendant TurboChef Technologies, Inc. ("TurboChef") hereby moves for a stay of the above-captioned case, including any response to Plaintiff's complaint, until after a decision has been rendered on TurboChef's appeal of the Court's January 18, 2008 Decision and Order entered in this action on January 24, 2008, adopting the April 26, 2007 Report and Recommendation of U.S. Magistrate Judge Martin and denying TurboChef's Motion to Dismiss or, Alternatively, to Stay and Compel Arbitration. On January 29, 2008, pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 16(a)(1), TurboChef appealed the Court's denial of its Motion to Dismiss or, Alternatively, to Stay and Compel Arbitration. As set forth in the accompanying memorandum of law, TurboChef seeks a stay of all further proceedings on the basis that this Court is divested of jurisdiction over this matter until the U.S. Court of Appeals for the First Circuit determines whether this case may proceed in this Court.

Dated: January 30, 2008

Respectfully submitted,

/s/ *David A. Wollin*
David A. Wollin, #4950
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel: 401-274-7200
Fax: 401-351-4607
dwollin@apslaw.com

*Attorneys for Defendant TurboChef Technologies, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of January, 2008, I did send a true copy of the within document by electronic means (ECF) to the following:

Peter P.D. Leach, Esq.
One Charles Street
Providence, RI 02904

Christine M. Curley, Esq.
275 Beacon Drive
North Kingstown, RI 02852

/s/ *David A. Wollin*

442504_1.doc

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| COGENT COMPUTER SYSTEMS, INC. | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 06-280 S |
| | : | |
| TURBOCHEF TECHNOLOGIES, INC. | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT TURBOCHEF TECHNOLOGIES, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STAY PENDING OUTCOME OF ITS APPEAL**

Defendant TurboChef Technologies, Inc. ("TurboChef") submits this memorandum of law in support of its motion for a stay of the above-captioned case, including any response to Plaintiff Cogent Computer System, Inc.'s ("Cogent") complaint, until after a decision has been rendered on TurboChef's appeal of the Court's January 18, 2008 Decision and Order entered on January 24, 2008, adopting the April 26, 2007 Report and Recommendation of U.S. Magistrate Judge Martin and denying TurboChef's Motion to Dismiss or, Alternatively, to Stay and Compel Arbitration.

As discussed below, TurboChef's appeal, pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 16(a)(1), divests this Court of jurisdiction over this matter until the U.S. Court of Appeals for the First Circuit determines whether this matter may proceed in this Court.

**PROCEDURAL BACKGROUND**

On or about June 14, 2006, Cogent brought this lawsuit against TurboChef, claiming that TurboChef failed or refused to give final approval for the design of certain custom single board

micro computers ("boards"). On August 8, 2006, TurboChef moved to dismiss or, alternatively, to stay and compel arbitration. On April 26, 2007, U.S. Magistrate Judge Martin issued his Report and Recommendation, recommending that TurboChef's motion be denied. On January 24, 2008, this Court issued its January 18, 2008 Decision and Order adopting the Magistrate Judge's Report and Recommendation. On January 29, 2008, pursuant to the FAA, 9 U.S.C. § 16(a)(1), TurboChef appealed the Court's denial of its motion to dismiss or, alternatively, to stay and compel arbitration.

**ARGUMENT**

TurboChef filed its notice of appeal pursuant to the FAA, 9 U.S.C. § 16(a)(1), which allows an interlocutory appeal from an order denying arbitration. In the First Circuit, failure to promptly appeal a denial of arbitration until after trial operates to forfeit the demanding party's right to arbitration. *Franceschi v. Hospital General San Carlos, Inc.*, 420 F.3d 1, 4 (1st Cir. 2005).

TurboChef's filing of a notice of appeal is "an event of jurisdictional significance – it confers jurisdiction on the court of appeal and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). As the First Circuit has stated, "as a general rule, the filing of a notice of appeal 'divests a district court of authority to proceed with respect to any matter touching upon, or involved in, the appeal.'" *United States v. Brooks*, 145 F.3d 446, 455 (1st Cir. 1998).

In cases involving an appeal from the denial of a motion to stay and compel arbitration, many courts have held that the district court is divested of jurisdiction while the appeal is pending. Long ago, in *Lummus Co. v. Commonwealth Oil Refining Co.*, 273 F.2d 613, 613-14t Cir. 1959), the First Circuit ruled that the district court had erred in refusing to stay the

proceedings pending the outcome of the appeal of the district court's decision staying arbitration. *Id*. The First Circuit allowed the defendant's motion to delay discovery, explaining that "a court order of discovery would be affirmatively inimical to appellee's obligation to arbitrate, if this court determines it to have such obligation." *Id*. at 613. *Lummus* noted that "if arbitration is to be had of the entire dispute, appellee's right to discovery must be far more restricted than if the case remains in a federal court for plenary trial . . ." *Id*. The First Circuit concluded: "We cannot avoid the thought that the principal reason appellee has for not awaiting discovery until the decision of this court is the fear that the course will be unavailable if such ruling proves to be adverse. Until it is determined whether this action has been properly brought, appellee should not receive any unnecessary fruits thereof." *Id*. at 614.

Since *Lummus*, the Third, Seventh, Tenth and Eleventh Circuits have ruled that an appeal under the FAA of the district court's arbitration decision divests the lower court of jurisdiction to proceed until the appeal is resolved. *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 215 n. 6 (3d Cir. 2007) (expressing agreement with the majority rule of automatic divestiture where the Section 16(a) appeal is neither frivolous nor forfeited); *McCauley v. Halliburton Energy Servs., Inc.*, 413 F.3d 1158, 1162-63 (10th Cir. 2005) (finding automatic divestiture of trial court jurisdiction unless appeal is frivolous or forfeited); *Blinco v. Green Tree Servicing, LLC,* 366 F.3d 1249, 1251 (11th Cir. 2004) (finding automatic divestiture unless appeal is frivolous); *Bradford-Scott Data Corp. v. Physician Computer Network,* 128 F.3d 504, 506 (7th Cir. 1997) (endorsing automatic divestiture rule).[1] Indeed, the Seventh Circuit and recently the U.S. District Court for the District of Massachusetts explicitly relied on the *Lummus* decision in

[1] These circuit courts rejected the minority view from the Second and Ninth Circuits. *Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 65 (2d Cir. 2004) (finding no automatic stay); *Britton v. Co-op Banking Group*, 916 F.2d 1405, 1412 (9th Cir. 1990) (finding no automatic stay).

reaching this conclusion. *Bradford-Scott Data Corp.*, 128 F.3d at 506; *Combined Energies v. CCI, Inc.*, 495 F. Supp.2d 142, 143-44 (D. Mass. 2007).[2]

Judge Easterbrook of the Seventh Circuit explained the rationale for this automatic divestiture rule. Whether the case should be litigated in the district court is not an issue collateral to the question presented by the appeal under Section 16(a)(1) of the FAA; to the contrary, "it is the mirror image of the question presented on appeal." *Bradford-Scott Data Corp.*, 128 F.3d at 505. "Continuation of the proceedings in the district court largely defeats the point of the appeal and creates a risk of inconsistent handling of the case by two tribunals." *Id*. Indeed, "[t]he worst possible outcome would be to litigate the dispute, to have the court of appeals reverse and order the dispute arbitrated, to arbitrate the dispute, and finally to return to court to have the award enforced." *Id*. at 506. Thus, a stay of all proceedings in the district court is required because "[w]hether the litigation may go forward in the district court is precisely what the court of appeals must decide." *Id*.

Further, denial of a stay would effectively defeat the purposes of an interlocutory appeal authorized by the FAA and required by the First Circuit. The interruption of the trial proceedings is the central reason and justification for authorizing such an interlocutory appeal in the first place. "By providing a party who seeks arbitration with swift access to appellate review, Congress acknowledged that one of the principal benefits of arbitration, avoiding the high costs and time involved in judicial dispute resolution, is lost if the case proceeds in both judicial and

---

[2] The only exception to this automatic divestiture rule recognized in these cases – that the appeal is frivolous or forfeited – is not applicable here. For instance, this appeal presents an issue of first impression in the First Circuit – whether the Court erred in following the so-called "New York rule" in finding that an arbitration provision to be a *per se* material alteration, rather than the modern approach which favors a case-by-case materiality determination based upon a thorough examination of the surprise and hardship elements. *See, e.g., Aceros Prefabricados, S.A. v. Tradearbed, Inc.*, 282 F.3d 92, 100 (2d Cir. 2002); *Trans-Aire Int'l, Inc. v. Northern Adhesive Co.*, 882 F.2d 1254, 1260-62 (7th Cir. 1989). As the Court acknowledged at the hearing on TurboChef's objection to the Magistrate Judge's Report and Recommendation, "this is not the typical R&R objection kind of case" because there are "some really interesting and important issues that are implicated here." Transcript at 34 (June 21, 2007).

arbitral forums." *Blinco*, 366 F.3d at 1251. The benefits of arbitration clauses would be "eroded, and may be lost or even turned into net losses, if it is necessary to proceed to both judicial and arbitral forums, or to do this sequentially." *Combined Energies*, 495 F. Supp.2d at 144. "Thus, the underlying reasons for allowing immediate appeal of a denial of a motion to compel arbitration are inconsistent with continuation of proceedings in the district court, and a non-frivolous appeal warrants a stay of those proceedings." *Blinco*, 366 F.3d at 1252. *See also Bradford-Scott Data Corp.*, 128 F.3d at 506 ("Cases of this kind are therefore poor candidates for exceptions to the principle that a notice of appeal divests the district court of the power to proceed with aspects of the case that have been transferred to the court of appeals.").

In this case, the prejudice to TurboChef is undeniable and unrepairable. There is no way to undo the substantial discovery and associated costs that might occur in this Court – which discovery is unlikely to be available under applicable arbitration rules – if the First Circuit later decides that this case belongs in arbitration. Since the issue now before the First Circuit is whether the dispute between Cogent and TurboChef may proceed in federal court, this Court is divested of jurisdiction and should stay all proceedings in this matter pending a decision by the First Circuit.

## **CONCLUSION**

For the foregoing reasons, TurboChef respectfully requests that the Court stay all proceedings in this case pending the outcome of its appeal to the U.S. Court of Appeals for the First Circuit.

Respectfully submitted,

/s/ *David A. Wollin*
David A. Wollin, #4950
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel: 401-274-7200
Fax: 401-351-4607
dwollin@apslaw.com

*Attorneys for Defendant TurboChef Technologies, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of January, 2008, I did send a true copy of the within document by electronic means (ECF) to the following:

Peter P.D. Leach, Esq.
One Charles Street
Providence, RI 02904

Christine M. Curley, Esq.
275 Beacon Drive
North Kingstown, RI 02852

/s/ *David A. Wollin*

*442504_1.doc*