UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| COGENT COMPUTER SYSTEMS, INC. *Plaintiff* | : | |
| VS. | : | C.A. NO. 06-280 S |
| TURBOCHEF TECHNOLOGIES, INC. *Defendant* | : | |

**PLAINTIFF'S PRETRIAL CONFERENCE STATEMENT**

Cogent Computer Systems, Inc. ("Cogent") hereby submits its pretrial conference statement in accordance with this Court's Notice dated January 24, 2008.

**SUMMARY OF CLAIMS**

Cogent is in the business of developing, designing, constructing and distributing standard and custom electronic micro computer systems, sub-assemblies and associated modules for use by its customers in their particular products. At the time of the transactions at issue in this case, TurboChef was intending to develop, manufacture and market high-end ovens for the residential market.

On or about January 10, 2006, Terry Gray of TurboChef telephoned Cogent in Rhode Island, inquiring whether Cogent could design and produce a custom single board micro computer to control a customized LCD display TurboChef planned to use for its residential oven product. Over the course of the next few days, Terry Gray and Michael Kelly of Cogent negotiated the delivery and price terms for the micro computers. The parties discussed a proposed delivery schedule of 5,000 units over a twelve month period extending from the initial delivery date.

TurboChef sent a Purchase Order, signed by an authorized representative, to Cogent, dated January 18, 2006, whereby TurboChef agreed to purchase 5000 units of the micro computer system, followed shortly thereafter by the required deposit check.

The initial requirement of the contract between TurboChef and Cogent was the development of a prototype single board micro computer for use in the residential ovens to be unveiled at the 2006 Kitchen/Bath Industry Show in April. Cogent timely delivered the prototype micro computers in accordance with the contract and the TurboChef residential oven, incorporating the micro computer system designed and constructed by Cogent, was successfully launched and received positive reviews at the 2006 Kitchen/Bath Industry Show.

Thereafter, Cogent began making inquiries to TurboChef regarding final approval of the prototype micro computer so that the construction and production of the first 500 units could be scheduled for delivery. At all times, Cogent remained ready, willing and able to produce and deliver the first 500 units of the single board micro computers, and all subsequent units, as set forth in the January 2006 Purchase Order. TurboChef failed, refused and neglected to give final approval for the design of the single board micro computer and failed, refused and neglected to provide Cogent with a firm delivery date for the first 500 units. By letter dated May 9, 2006, TurboChef unilaterally terminated the contract with Cogent.

Cogent filed its Complaint on June 14, 2006, alleging claims for breach of contract, breach of implied covenant of good faith and fair dealing and unjust enrichment, seeking compensatory damages, interest, costs and attorney's fees.

## I. Breach of Contract

Under Rhode Island law, for an agreement to be enforceable the parties must evince their objective intent to be bound by its terms. *UXB Sand & Gravel, Inc., v. Rosenfeld Concrete*

*Corp*., 641 A.2d 75, 79 (R.I. 1994). The essential elements of a contract are "competent parties, subject matter, a legal consideration, mutuality of agreement and mutuality of obligation. *Rhode Island Five v. Medical Associates of Bristol County, Inc.*, 668 A.2d 1250, 1253 (R.I. 1996). Mutuality of obligation, achieved when both parties are bound legally by the making of reciprocal promises, fulfills the consideration requirement of contracts. *Centerville Builders, Inc. v. Wynne*, 683 A.2d 1340 (R.I. 1996).

Accordingly, consideration is the test for enforceability of contracts. *Hayes v. Plantation Steel Co.*, 438 A.2d 1091,1094 (R.I. 1982). Legal consideration is defined under Rhode Island law as "some right, interest or benefit accruing to one party or some forbearance, detriment or responsibility given, suffered, or undertaken by the other." *Id* at 1094 (R.I. 1982).

**II. Breach of Implied Covenant of Good Faith and Fair Dealing**

Cogent has claimed that TurboChef entered into and performed this contract in bad faith by failing to comply with its obligations thereunder. In every contract made in Rhode Island, both parties are obliged to act in good faith and to deal fairly with the other side to further the objectives of the contract. Rhode Island recognizes that virtually every contract contains an implied covenant of good faith and fair dealing between the parties. *See Crellin Technologies, Inc. v. Equipmentlease Corp.*18 F.3d 1, 10 (1st Cir. 1994); *A.A.A. Pool Serv. & Supply, Inc. v. Aetna Cas. & Sur. Co.*, 121 R.I. 96, 395 A.2d 724, 725 (1978). TurboChef failed to perform this duty under the contract.

**III. Unjust Enrichment**

To recover under a claim for unjust enrichment, "a plaintiff is required to prove three elements: (1) a benefit must be conferred upon the defendant by the plaintiff; (2) there must be appreciation by the defendant of such benefit; and (3) there must be an acceptance of such benefit in such circumstances that it would be inequitable for a defendant to retain the benefit without paying the value thereof." *Narragansett Elec. Co. v. Carbone*, 898 A.2d 87, 99 (R.I. 2006) (citations omitted). Recovery for unjust enrichment is predicated upon the equitable principle that one should not be permitted to enrich himself at the expense of another by receiving property or benefits without making compensation for them. *See R & B Electric Co. v. Amco Construction Co.*, 471 A.2d 1351, 1355 (R.I.1984). Here, TurboChef benefited from Cogent's design of the prototype and various modifications thereto, which it has retained without fairly compensating Cogent.

Each of the elements of the various claims are set forth in Plaintiff's Complaint and will be further supported by the evidence and testimony to be obtained through discovery.

COGENT COMPUTER SYSTEMS, INC.

By its Attorneys,

/s/Peter P.D.Leach
Peter P.D. Leach (#3955)
One Charles Street
Providence, RI 02904
(401) 521-9100
Fax (401) 521-9120
PeterleachLaw@aol.com

/s/ Christine M. Curley
Christine M. Curley
275 Beacon Drive
North Kingstown, RI 02852
(401) 294-0847
Fax. (401) 294-0849
christinecurley@earthlink.net

**CERTIFICATION**

I hereby certify that on this 7th day of February 2008, I did send a true copy of the within document by electronic means (ECF) to:

David A. Wollin
ADLER POLLOCK & SHEEHAN, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
dwolin@apslaw.com

/s/ Christine M. Curley