UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| COGENT COMPUTER SYSTEMS, INC. *Plaintiff* | : | |
| VS. | : | C.A. NO. 06-280 S |
| TURBOCHEF TECHNOLOGIES, INC. *Defendant* | : | |

**MEMORANDUM IN SUPPORT OF OPPOSITION TO DEFENDANT TURBOCHEF'S MOTION TO STAY PENDING OUTCOME OF APPEAL**

Cogent Computer Systems, Inc. ("Cogent") hereby objects to Defendant TurboChef Technologies, Inc.'s ("TurboChef") motion to stay the above-captioned case, including any response to Plaintiff's complaint, until after a decision has been rendered on TurboChef's appeal of this Court's January 18, 2008 Decision and Order adopting the April 26, 2007 Report and Recommendation of U.S. Magistrate Judge Martin denying TurboChef's Motion to Dismiss or, Alternatively, to Stay and Compel Arbitration. Cogent objects on the grounds that the Federal Arbitration Act does not require that an automatic stay be granted pending appeal; that the equities and considerable delay in proceeding with Plaintiff's case militate in favor of allowing discovery; and that such discovery would be consistent with the scope of permissible discovery in arbitration.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Cogent is in the business of developing, designing, constructing and distributing standard and custom electronic micro computer systems, sub-assemblies and associated modules for use by its customers in their particular products. At the time of the transactions at issue in this case,

TurboChef was intending to develop, manufacture and market high-end ovens for the residential market.

TurboChef sent a Purchase Order, signed by an authorized representative, to Cogent, dated January 18, 2006, whereby TurboChef agreed to purchase 5000 units of the micro computer system, followed shortly thereafter by the required deposit check. It is undisputed that this First Purchase Order did not contain an arbitration provision.

The initial requirement of the contract between TurboChef and Cogent was the development of a prototype single board micro computer for use in the residential ovens to be unveiled at the 2006 Kitchen/Bath Industry Show in April. Cogent timely delivered the prototype micro computers in accordance with the contract, and the TurboChef residential oven, incorporating the micro computer system designed and constructed by Cogent, was successfully launched and received positive reviews at the 2006 Kitchen/Bath Industry Show.

Thereafter, Cogent began making inquiries to TurboChef regarding final approval of the prototype micro computer so that the construction and production of the first 500 units could be scheduled for delivery. At all times, Cogent remained ready, willing and able to produce and deliver the first 500 units of the single board micro computers, and all subsequent units, as set forth in the January 2006 First Purchase Order. TurboChef failed, refused and neglected to give final approval for the design of the single board micro computer and failed, refused and neglected to provide Cogent with a firm delivery date for the first 500 units.

By letter dated May 9, 2006, TurboChef unilaterally terminated the contract with Cogent.

Cogent filed its Complaint on June 14, 2006, alleging claims for breach of contract, breach of implied covenant of good faith and fair dealing and unjust enrichment, seeking compensatory damages, interest, costs and attorney's fees.

On August 8, 2006, TurboChef moved to dismiss or, alternatively stay and compel arbitration. A Report and Recommendation was issued by U.S. Magistrate Judge Martin on April 27, 2007, denying said motion. The Report and Recommendation was adopted and affirmed by this Court by its Decision and Order dated January 18, 2008. TurboChef has appealed this Decision and Order to the First Circuit Court of Appeals.

As a result TurboChef's unsuccessful efforts to compel arbitration, after nearly two years since the breach of contract and the filing of its Complaint, Cogent has not received an Answer to its Complaint, has not received the initial disclosures pursuant to Rule 26 of the Rules of Civil Procedure, and has not been able to engage in any discovery.

Now TurboChef seeks a stay of the District Court proceedings pending appeal, further delaying Plaintiff's ability to pursue its case. At present, the parties are not scheduled for a pre-argument settlement conference with the Court of Appeals for the First Circuit until the end of March.

## LEGAL ARGUMENT

### I. The Federal Arbitration Act Does Not Require that Discovery be Stayed Pending Appeal on the Issue of Whether an Arbitration Agreement Existed.

Cogent does not dispute the fact that the Federal Arbitration Act, 9 U.S.C.A. § 16(a) allows for an interlocutory appeal from an order denying arbitration. However, the filing of an interlocutory appeal does not automatically result in this Court being divested of jurisdiction over discovery or other matters not directly effected by the pending appeal. To the contrary, many jurisdictions, including the First Circuit, have found that court proceedings, including discovery and depositions, may continue, so long as the ongoing district court proceedings are not inconsistent with the pendency of an interlocutory appeal. *See U.S. v. Hurley,* 63 F.3d 1, 23

(1st Cir. 1995)(holding that divesting of jurisdiction rule is not absolute, for even after the appeal is filed the district court retains authority to decide matters not inconsistent with the pendency of the appeal); *Rigby v. Damant,* 486 F.Supp.2d 222 (D.Mass.2007) (allowing discovery to proceed in the interest of judicial economy, acknowledging that appeal from an interlocutory order does not divest the district court of jurisdiction to proceed with matters unrelated to the appeal); *Pharmaceutical Care Management Ass'n v. Maine Attorney General*, 332 F.Supp.2d 258 (D.Me.2004) (denying stay of discovery pending interlocutory appeal of grant of preliminary injunction).

Interlocutory appeals involving arbitration do not require a different result, so long as the proceedings in district court do not interfere with and are not inconsistent with the arbitration appeal. While the Circuit Courts of Appeals are divided on this question, the Second Circuit and Ninth Circuit have consistently recognized that an appeal from an order denying a motion to compel arbitration "does not deprive the district court of jurisdiction over other proceedings in the case." *Motorola Credit Corp. v. Uzan*, 388 F.3d 39 (2nd Cir. 2004) (permitting case to proceed to trial notwithstanding appeal of denial of motion to compel arbitration); *Britton v. Co-op Banking Group*, 916 F.2d 1405, 1412 (9th Cir. 1990) (district court not deprived of jurisdiction to proceed with case on the merits because issue of arbitrability severable from merits of dispute). *See also Forrester v. Penn Lyon Homes, Inc.*, 2007 WL 4375938 (N.D.W.Va. 2007) (holding although the Fourth Circuit has not ruled on the issue, a stay is not automatically granted upon an appeal of decision a motion to compel arbitration, especially where case was over two years old.) Indeed the Second Circuit has held that further district court proceedings on the merits of a case are not "involved in" the appeal of an order refusing arbitration, and that the

district court therefore has jurisdiction to proceed with a case absent a stay from the appeals court. *Motorola Credit Corp. v. Uzan*, 388 F.3d at 54.

Moreover, the First Circuit case of *Lummus Co. v. Commonwealth Oil Refining Co.*, 273 F.2d 613 (1959) is not dispositive, as the Court did not address any countervailing equities or the evolving case law in this area. In fact, the Court rendered a cursory opinion because the plaintiff made no satisfactory response to the contention that court ordered discovery would be inimical to the appellee's obligation to arbitrate. Here, permitting discovery to proceed would not be inimical to arbitration, as the facts pertaining to the contract at issue, its performance and its breach, go to the merits of the controversy, whether the case proceeds through the court or arbitration.

Furthermore, *Combined Energies v. CCI, Inc.*, 495 F.Supp. 2d 142 (D.Me. 2007), is factually distinguishable and did not involve similar delays in reaching the merits of the Plaintiff's case, supporting the denial of the stay requested in this case. In *Combined Energies*, the existence of the arbitration clause was not disputed, and the issue on appeal was its scope. The same cannot be said in the present case, as TurboChef failed to establish that the parties agreed to arbitration. In addition, in *Combined Energies*, the elapsed time between the initial filing of the motion to compel arbitration and the filing of the notice of appeal was less than three months, where as here, nearly eighteen months have passed since the motion to compel was filed.[1]

It is submitted that the general rule regarding interlocutory appeals, permitting the district court to retain jurisdiction over matters not involved in the appeal, permits this Court to retain

---

[1] In *Combined Energies*, the motion to compel arbitration was filed on February 21, 2007, the motion was denied on May 3, 2007, the notice of appeal was filed May 15, 2007 and the motion to stay was filed May 25, 2007. The appeal itself was argued on November 6, 2007 and affirmed on February 1, 2008. *Combined Energies v. CCI, Inc.*, __ F. 3d__, 2008 WL 274064 (1st Cir. 2008).

jurisdiction to allow discovery to proceed on the merits of the case, pending the appeal on the arbitration issue.

## II. The Equities of Allowing Plaintiff to Timely Pursue its Claims Militate in Favor of Denying the Requested Stay.

Cogent filed its Complaint on June 14, 2006, alleging claims for breach of contract, breach of implied covenant of good faith and fair dealing and unjust enrichment. As a result of the lengthy proceedings pertaining to TurboChef's Motion to Dismiss to compel arbitration, justice has been delayed for the Plaintiff. Despite the fact that affidavits and documents were provided by TurboChef in a vain effort to establish the existence of an arbitration agreement, Plaintiff has been denied any substantive discovery or adjudication of its claims. It is respectfully submitted that this was never the intent of the Federal Arbitration Act, nor has efficient administration of justice in this Court been furthered by the proceedings thus far.

Now TurboChef seeks a stay of the District Court proceedings pending appeal, further delaying Plaintiff's ability to pursue its case. At present, the parties are not scheduled for a pre-argument settlement conference with the Court of Appeals for the First Circuit until the end of March.

On August 8, 2006 TurboChef moved to dismiss or, alternatively stay and compel arbitration. The Report and Recommendation issued by U.S.Magistrate Judge Martin on April 27, 2007, denied said Motion because TurboChef had failed to meet its burden in the first instance of establishing a prima facie case that a contract agreeing to arbitration was made between the parties. The Magistrate Judge concluded that TurboChef failed to establish, as a matter of law, that Cogent had accepted the arbitration provision under basic contract principles. The Magistrate Judge further ruled that because the arbitration provision, and indeed all of the

additional terms on the reverse side of the Second Purchase Order, materially altered the terms of the First Purchase Order, the arbitration provision could not be construed as part of the contract between the parties under the Uniform Commercial Code. Significantly, in adopting and affirming the Report and Recommendation, this Court expressly found that the Magistrate Judge applied the correct standard of review in evaluating the the legal issues and the evidence proffered by the parties. Consequently, it must be concluded that TurboChef's likelihood of success on appeal is slim.

Regardless of whether or not this case is arbitrated, basic facts pertaining to the formation, performance and breach of the contract at issue will still need to be discovered between the parties. "With reasonable certainty, no matter what the outcome of the appeal is- whether this case is heard by a federal judge or an arbitrator, the parties will need to conduct discovery to ensure an informed resolution to the case." *Adams v. Suozzi*, 393 F.Supp. 2d 175, 178 (E.D.N.Y. 2005) (denying stay where case was more than two years old and further delay would undermine public interest in expeditious resolution).

Accordingly, permitting discovery during the pendency of the appeal would not be inconsistent with or undermine the appeal in any way, but would further the interests of reaching a more expeditious resolution of this dispute. *See also, Manigault v. Macy's East, LLC*, 2008 WL 238566 (E.D.N.Y. 2008) (permitting discovery, recognizing that whether case progresses before the court or an arbitral forum, information adduced through discovery will be useful to the litigants); *Forrester v. Penn Lyon Homes, Inc.*, 2007 WL 4375938 (N.D.W.Va. 2007) (denying stay pending an appeal of decision a motion to compel arbitration, especially where case was over two years old); *Hill v. Peoplesoft USA, Inc.*, 341 F.Supp. 2d 559 (D. Md. 2004) (permitting discovery to proceed pending appeal); Desktop Images, Inc. v. Ames, 930 F.Supp. 1450 9D.

Col. 1996) (denying stay where plaintiff would be be prejudiced by denial of right to litigate and resolve its claims without further delay).

**III. Permitting Discovery Would be Consistent with Arbitration Policy.**

This case sounds primarily in breach of contract. Consequently, even if this case was heard in the context of an arbitration proceedings, the facts and circumstances surrounding the formation and performance under the contract would be germane to the resolution of the dispute. Clearly, at a minimum, the relevant documents would have to be exchanged by the parties prior to the arbitration proceeding. *See* 9 U.S.C.A. § 7; American Arbitration Association Rules, R-21; L-4.

Thus, whether this case remains in this Court or proceeds to arbitration, basic discovery will need to be conducted between the parties. Plaintiff simply requests that this discovery be allowed to proceed pending the resolution of TurboChef's appeal.

The policy between the Federal Arbitration Act is to further swift, economical resolutions of commercial disputes. *See, e.g., Fradella v. Petricca*, 183 F.3d 17, 19 (1st Cir. 1999) ("The primary purpose served by the arbitration process is expeditious dispute resolution."); *Diapulse Corp. v. Carba Ltd.*, 626 F.2d 1108 (2d Cir.1980) (arbitration provides quick and efficient resolution of disputes, thereby reducing costly litigation and delay to both the parties and the courts.) This policy has not been furthered in this case, to the Plaintiff's substantial detriment. While delay may arguably have been beneficial to TurboChef - as TurboChef's business has continued uninterrupted - Plaintiff has sustained a significant loss of revenue and anticipated business which has gone unremedied while the arbitration issue has been litigated. This result is plainly inequitable and should not be compounded by the granting of TurboChef's requested stay.

## CONCLUSION

For the reasons set forth herein, Plaintiff Cogent Computers requests that TurboChef's Motion for Stay be denied in all respects and that Plaintiff be permitted to proceed with discovery in this court.

COGENT COMPUTER SYSTEMS, INC.
By its Attorney,

/s/Peter P.D.Leach
Peter P.D. Leach (#3955)
One Charles Street
Providence, RI 02904
(401) 521-9100
Fax (401) 521-9120
PeterleachLaw@aol.com

/s/ Christine M. Curley
Christine M. Curley
275 Beacon Drive
North Kingstown, RI 02852
(401) 294-0847
Fax. (401) 294-0849
christinecurley@earthlink.net

## CERTIFICATION

I hereby certify that on this 19th day of February 2008, I did send a true copy of the within document by electronic means (ECF) to:

David A. Wollin
ADLER POLLOCK & SHEEHAN, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
dwollin@apslaw.com

/s/ Christine M. Curley