UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| COGENT COMPUTER SYSTEMS, INC. | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 06-280 S |
| | : | |
| TURBOCHEF TECHNOLOGIES, INC. | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT TURBOCHEF TECHNOLOGIES, INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO STAY PENDING OUTCOME OF ITS APPEAL**

Defendant TurboChef Technologies, Inc. ("TurboChef") submits this reply brief in support of its motion to a stay the above-captioned case, including any response to Plaintiff Cogent Computer System's ("Cogent") complaint, pending the outcome of the First Circuit appeal.

**ARGUMENT**

In opposing TurboChef's motion to stay, Cogent invites this Court to adopt a position that not only has been rejected by five of the seven courts of appeals that have addressed this issue, but one that is directly contrary to controlling precedent from the First Circuit itself – *Lummus Co. v. Commonwealth Oil Refining Co.*, 273 F.2d 613, 613-14 (1st Cir. 1959) ("a court order of discovery would be affirmatively inimical to appellee's obligation to arbitrate, if this court determines it to have such obligation.").[1] The *Lummus* decision alone sounds the death knell for Cogent's objection. The four other circuit court decisions following the First Circuit –

[1] The First Circuit cases cited in Cogent's papers have nothing to do with the specific issue here – a stay under the Federal Arbitration Act pending appeal.

including Judge Easterbrook's decision explicitly endorsing *Lummus* for the Seventh Circuit[2] – only confirm that conclusion, as does the 2007 decision from the U.S. District Court in Massachusetts in *Combined Energies v. CCI, Inc.*, 495 F. Supp.2d 142, 143-44 (D. Mass. 2007), *aff'd*, 2008 WL 274064 (1st Cir. 2008).[3]

It is telling that Cogent fails to cite, let alone distinguish, the many circuit court cases after *Lummus* going against its position. The rationale of these cases is irrefutable: a stay is warranted because the issue of whether this case should proceed in this Court at all or in an arbitration forum is the heart of the First Circuit appeal. "Whether the litigation may go forward in the district court is precisely what the court of appeals must decide." *Bradford-Scott Data Corp. v. Physician Computer Network,* 128 F.3d 504, 506 (7th Cir. 1997). "Continuation of the proceedings in the district court largely defeats the point of the appeal and creates a risk of inconsistent handling of the case by two tribunals." *Id*. at 505. "By providing a party who seeks arbitration with swift access to appellate review, Congress acknowledged that one of the principal benefits of arbitration, avoiding the high costs and time involved in judicial dispute resolution, is lost if the case proceeds in both judicial and arbitral forums." *Blinco v. Green Tree Servicing, LLC,* 366 F.3d 1249, 1251 (11th Cir. 2004). Indeed, if TurboChef prevails in its appeal and this matter should go to arbitration, the arbitration provision requires that the arbitration occur in Georgia and that any related court proceedings to enforce the arbitration decision be filed in the U.S. District Court for the Northern District of Georgia. Additional

---

2 *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 215 n. 6 (3d Cir. 2007); *McCauley v. Halliburton Energy Servs., Inc.,* 413 F.3d 1158, 1162-63 (10th Cir. 2005); *Blinco v. Green Tree Servicing, LLC,* 366 F.3d 1249, 1251 (11th Cir. 2004); *Bradford-Scott Data Corp. v. Physician Computer Network,* 128 F.3d 504, 506 (7th Cir. 1997)

3 For a cogent critique of the Second and Ninth Circuit decisions, see Judge Easterbrook's decision in *Bradford-Scott Data Corp.,* 128 F.3d at 506.

Terms and Conditions ¶ 16 (attached to the Declaration of April McLain supporting TurboChef's motion to dismiss).

Cogent's arguments in opposition to a stay lack merit. First, Cogent attempts to distinguish *Lummus* by arguing it is a "cursory" opinion that "did not address any countervailing equities or the evolving case law in this area." However, neither Judge Easterbrook nor the other courts that have followed *Lummus* (or Judge Easterbrook's decision relying on *Lummus*) saw the decision as anything but a persuasive ruling, in rationale and result, supporting a stay in this context.

Second, Cogent argues that discovery should be permitted while the appeal is pending because discovery has to occur anyway, whether the case is in arbitration or not. But Cogent misses the point. The issue is whether this Court should be handling the substance of the case at all – that is the issue on appeal and thus requires a stay in this Court. Moreover, Cogent's premise is incorrect – there is a difference between discovery under the American Arbitration Association ("AAA") rules and the Federal Rules. *See Lummus*, 273 F.2d at 613 (noting that "if arbitration is to be had of the entire dispute, appellee's right to discovery must be far more restricted than if the case remains in a federal court for plenary trial . . ."); *Cabintree of Wisconsin, Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 391 (7th Cir. 1995) ("the discovery provisions of the Federal Rules of Civil Procedure are more generous than those of the American Arbitration Association"). The discovery that Cogent seeks in this Court might not be available in arbitration.

Third, Cogent argues that a stay should be denied because this case was filed as long ago as June 2006. However, as Cogent well knows, any delay was not occasioned by TurboChef, which has consistently filed its motions and objections in a timely manner. The delay is

irrelevant to the issue of a stay anyway. Whether this case was pending for six months or 18 months, a stay is warranted under *Lummus* and its progeny because the appeal concerns the very issue whether the case should proceed at all in this Court.

Lastly, Cogent argues that the swift, economical resolution of commercial disputes, a policy of arbitration, warrants denial of the stay. To the contrary, the policy of arbitration – to promote arbitration of commercial disputes – supports the stay so the court of appeals can determine whether arbitration is required in this case. Permitting discovery in this Court while the appeal is pending undermines that policy, for if TurboChef succeeds, discovery (indeed, the entire proceeding) should not have occurred under the Federal Rules in this Court but under the AAA rules in Georgia. The benefits of arbitration clauses would be "eroded, and may be lost or even turned into net losses, if it is necessary to proceed to both judicial and arbitral forums, or to do this sequentially." *Combined Energies*, 495 F. Supp.2d at 144.

In short, this Court should follow *Lummus* and the many other circuits that have required a stay of proceedings pending appeal in this context. The Court should reject the minority view of the Ninth and Second Circuit and rule that it is divested of jurisdiction and stay all proceedings in this matter pending a decision by the First Circuit.

**CONCLUSION**

For the foregoing reasons, TurboChef respectfully requests that the Court stay all proceedings in this case pending the outcome of its appeal to the U.S. Court of Appeals for the First Circuit.

Respectfully submitted,

/s/ *David A. Wollin*

David A. Wollin, #4950
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel: 401-274-7200
Fax: 401-351-4607

*Attorneys for Defendant TurboChef Technologies, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22d day of February, 2008, I did send a true copy of the within document by electronic means (ECF) to the following:

Peter P.D. Leach, Esq.
One Charles Street
Providence, RI 02904

Christine M. Curley, Esq.
275 Beacon Drive
North Kingstown, RI 02852

/s/ *David A. Wollin*

445392_1.doc